IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| SABRINIA E. EVANS, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 4:16-cv-00020 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | By: Hon. Jackson L. Kiser |
| | ) | Senior United States District Judge |
| Defendant. | ) | |

Before me is Defendant United States of America's Motion to Dismiss and Plaintiff Sabrinia Evans' Motion for Extension of Time to Serve Process. The matters were fully briefed by the parties, and I heard oral argument on November 8, 2016. The matter is now ripe for decision. For the reasons stated herein, I will deny the United States' Motion to Dismiss and grant Plaintiff leave to serve process on the Attorney General of the United States.

I. **STATEMENT OF FACTS AND PROCEDURAL BACKGROUND**

Plaintiff Sabrinia Evans ("Plaintiff") filed suit in this Court on May 3, 2016. [ECF No. 1.] Plaintiff was issued a summons directed to Defendant, the United States of America ("the United States"), on June 20, 2016. [ECF Nos. 2–3.] On July 12, 2016, Plaintiff was advised that, as of that date, "the Court's record reflects that . . . service has not been executed on defendants(s), United States of America." [ECF No. 4.] Plaintiff was advised that she had until "August 1, 2016 to notify the Clerk of this Court that service has been accomplished on said defendant(s)." (Id.)

On July 13, 2016, Plaintiff's attorney mailed a copy of the summons and Complaint to the United States Attorney. [ECF No. 5.] On July 19, the United States, by and through the Assistant United States Attorney ("AUSA"), advised Plaintiff's attorney that he had "failed to

effect proper service of process under the Federal Rules of Civil Procedure." [ECF No. 6.] In his letter, a copy of which was docketed with the Court, the AUSA advised Plaintiff's attorney that "Federal Rule of Civil Procedure 4(a) sets forth the requirements for serving the United States and its agencies, corporations, officers, or employees, and you must comply with these requirements to effect proper service under the Federal Rules of Civil Procedure." (Id.) That same day, the civil paralegal in the United States Attorney's Office, e-mailed Plaintiff's counsel and advised him:

> In order to comply with Rule 4(i)(1), please send the complaint and summons to (1) my attention via registered or certified mail as I am designated as a civil process clerk, (2) the Attorney General of the United States via registered or certified mail, and (3) to the agency via registered or certified mail. Thank you.

[ECF No. 7-1.] Plaintiff's attorney replied that same day: "Thank you… I will." (Id.) On July 21, a process server served the summons and Complaint on a designated civil process clerk at the United States Attorney's Office. [ECF No. 11.] The deadline to effect service expired on August 1, 2016. See Fed. R. Civ. P. 4(m) (allowing ninety days for service).

On September 20, 2016, the United States filed a motion to dismiss based on Plaintiff's failure to serve her Complaint on the Attorney General as required by the Federal Rules of Civil Procedure. On September 26, 2016,[1] Plaintiff's attorney sent a copy of the Complaint and summons to the Attorney General and the United States Attorney. [ECF Nos. 13, 15.] That same day, Plaintiff filed a motion "to extend the time for completing service upon the Defendant by effecting Rule 4 service upon the Attorney General of the United States" [ECF No. 14], and filed a brief in support of her motion the following day [ECF No. 18]. The government filed a

---

[1] Although mailed on September 26, the mailing was received by the Attorney General on October 3. [See ECF No. 21.]

brief in support of its motion to dismiss on October 7 [ECF No. 22], and a brief in opposition to Plaintiff's motion on October 11 [ECF No. 23]. I heard oral arguments on November 8.

## II. STANDARD OF REVIEW

Although not stated, the United States is asserting a defense under Rule 12(b)(5) for "insufficient service of process." Rule 4(m) of the Federal Rules of Civil Procedure states:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). "Good cause exists when the plaintiffs have made 'reasonable, diligent' efforts to effect service on the defendants." Hager v. Graham, No. 5:05-cv-129, 2007 WL 1089088, at *3 (N.D.W. Va. Mar. 30, 2007) (quoting T & S Rentals v. United States, 164 F.R.D. 422, 425 (N.D.W. Va. 1996)). "[G]ood cause is likely (but not always) to be found when the plaintiff's failure to complete service in a timely fashion is a result of the conduct of a third person, typically the process server, the defendant has evaded service of the process or engaged in misleading conduct, the plaintiff has acted diligently in trying to effect service or there are understandable mitigating circumstances, or the plaintiff is proceeding pro se or in forma pauperis." 4B Charles Alan Wright, Arthur R. Miller, & Adam N. Steinman, Federal Practice and Procedure § 1137 (4th ed. 2015) (collecting cases).

## III. DISCUSSION

Contrary to Plaintiff's argument, the Federal Rules of Civil Procedure are unambiguous on how to serve the United States:

> (i) **Serving the United States and Its Agencies, Corporations, Officers, or Employees.**
> 1. *United States.* To serve the United States, a party must:

    A.
- i. deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought—or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk—or
- ii. send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;

    B.    send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and

    C.    if the action challenges an order of a nonparty agency or officer of the United States, send a copy of each by registered or certified mail to the agency or officer.

Fed. R. Civ. P. 4(i)(1).

Rule 4(m) also sets a ninety-day time limit in which to accomplish service. See Fed. R. Civ. P. 4(m). Pursuant to that Rule, if service is not accomplished within 90 days, "the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Id.

At the time of its adoption, Rule 4(m) represented a change to the way untimely or unaccomplished service was handled by the courts. The prior rule *mandated* dismissal without prejudice in the absence of "good cause." The 1993 Advisory Committee Notes explained the reason for the change:

> The new subdivision explicitly provides that the court shall allow additional time for the plaintiff's failure to effect service in the prescribed [90] days, and authorizes the court to relieve a plaintiff of the consequences of an application of this subdivision even if there is no good cause shown. . . . Relief may be justified, for example, if the applicable statute of limitations would bar the refiled action . . . .

Zapata v. City of New York, 502 F.3d 192, 195 (2d Cir. 2007). The circuits appear to be split on whether "good cause" is required for an extension. Compare Bogle-Assegai v. Connecticut, 470
- 4 -

F.3d 498, 450 (2d Cir. 2006) (rejecting as "unsupported by any authority of this Court" the contention that plaintiff "was not required to show good cause in order to be given an extension of time to make proper service"), with Horenkamp v. Van Winkle & Co., 402 F.3d 1129, 1132–33 (11th Cir. 2005) (holding that Rule 4(m) "grants discretion to the district court to extend the time for service of process even in the absence of a showing of good cause").

"Some courts state that when . . . an extension of time is sought after the [90]-day deadline has passed, the plaintiff must show 'excusable neglect,' as that is the standard laid down by Rule [6(b)(1)(B)] for motions 'made after the expiration of the specified period' for making the motion." United States v. McLaughlin, 470 F.3d 698, 700 (7th Cir. 2006) (quoted in Lavender v. City of Roanoke Sheriff's Office, 826 F. Supp. 2d 928, 933 (W.D. Va. 2011)). "Others disagree and conclude instead that Rule 4(m) authorizes the district court, in a case in which the [90] days have elapsed, to direct that service be effected within a specified time and then only if the plaintiff failed to meet the new deadline and filed a motion for extension of time would Rule [6(b)(1)(B)]'s 'excusable neglect' be required." Lavender, 826 F. Supp. 2d at 93.

The plain language of Rule 4(m) appears to take it out of the "excusable neglect" requirement in the first instance. By setting a separate, specific standard, the Rules take service-of-process timing out of the general rule espoused in Rule 6(b)(1)(B). Therefore, the court is required to grant the extension if there is good cause for the failure to serve in a timely fashion, and has discretion to grant it in the absence of good cause.

The facts of the case do not establish good cause for the failure to serve the Attorney General. In her recitation of the facts, Plaintiff's counsel omits the most important one: the United States Attorney's civil paralegal e-mailed him *explicit instructions* on how to serve the

United States in ample time to comply with the Rules.[2] Counsel simply did not heed them. The Rules are crystal clear and, even assuming they are "unique, complex and complicated" as Plaintiff's counsel argues, that is obviated by the clear, simple, and direct instructions he was given *by the opposing party*. There can be no doubt that Plaintiff's attorney is wholly at fault for the failure to serve the United States timely and properly.

Moreover, Plaintiff is not entitled to the provisions of Rule 4(i)(4) which she maintains mandates an extension. By its terms, Rule 4(i)(4) only applies when suing "a United States agency or corporation, or a United States officer or employee sued only in an official capacity." Fed. R. Civ. P. 4(i)(2). As Plaintiff is suing the United States and not an agency, officer, or employee, Rule 4(i)(4)'s saving provision has no applicability.

Thus, the court is faced with whether to grant an extension or dismiss this case without prejudice. Again, Plaintiff is wrong that the case "cannot" be dismissed without prejudice; it certainly can. Upon re-filing, the United States could elect—or could forego—asserting a statute of limitations defense. That election has no effect over the power of this court to comply with the Rules and order dismissal without prejudice.

Upon consideration of the facts, I must balance two competing principles: first, that an attorney's errors are borne by the party who hired him, not the innocent, opposing party, see, e.g., Pioneer Inv. Servs. Co. v. Brunswick Assocs., Ltd., 507 U.S. 380, 397 (1993); and second, "the strong policy that cases be decided on their merits," United States v. Shaffer Equip. Co., 11

---

[2] I take this opportunity to commend the AUSA and his staff for their professionalism in going over-and-above what is required of them. Despite Plaintiff's counsel's intimations at the hearing, the United States was under no obligation to alert him—multiple times—to his deficiencies in service, nor was it required to file its Motion to Dismiss any sooner than it did. The United States' actions with regards to this issue have been commendable, ought to be replicated throughout the Bar, and illustrate impressive compliance with Federal Rule of Civil Procedure 1. See Fed. R. Civ. P. 1 ("[These Rules] should be construed, administered, and employed by . . . the parties to secure the just, speedy, and inexpensive determination of every action and proceeding.").

- 6 -

Case 4:16-cv-00020-JLK-RSB   Document 27   Filed 11/15/16   Page 6 of 7   Pageid#: 130

F.3d 450, 453 (4th Cir. 1993). Considering these principles, and considering that the United States was on actual notice of this litigation, that dismissal without prejudice would likely result in the government's invocation of the statute of limitations, but without ignoring the prejudice to the government, it is appropriate to deny the United States' Motion to Dismiss and grant Plaintiff the requested extension. Since the Attorney General has been served, Plaintiff's Motion for an Extension will be granted and service will be deemed timely.

## IV. CONCLUSION

There is no good cause for Plaintiff's failure to serve the Attorney General in a timely manner. The Rules are clear, Plaintiff's attorney is required to know them, and even if he did not, the United States Attorney's civil paralegal told him explicitly what to do. He simply failed to read and comply with simple, straightforward directions. Nevertheless, considering the Fourth Circuit's "strong policy" in favor of deciding disputes on the merits, and considering that the United States had actual notice of this litigation prior to the expiration of the service time limit, the United States' Motion to Dismiss will be denied and Plaintiff's Motion for an Extension of Time to serve the Attorney General will be granted.

The clerk is directed to forward a copy of this Memorandum Opinion and accompanying Order to all counsel of record.

Entered this 15th day of November, 2016.

s/Jackson L. Kiser
SENIOR UNITED STATES DISTRICT JUDGE